## Gore v. Margolies

On September 13, 1978, defendant Union Mutual Life Insurance Company filed preliminary objections to plaintiffs' complaint, a memorandum of law in support thereof, and preliminary objections to new matter of defendant Coatesville Hospital. On December 20, 1978, defendant Union Mutual Life Insurance Company filed a supplemental memorandum of law in support of preliminary objections.

Plaintiffs' complaint alleges that defendant M. Price Margolies, M.D. was employed by defendant insurance company and was acting as its agent at the time of the alleged malpractice. Defendant insurance company argues that the Arbitration Panels for Health Care lack subject matter jurisdiction to determine whether it is vicariously liable for the alleged agent, Dr. Margolies. We agree. Defendant Union Mutual Life Insurance Company is not a nonhealth care provider over which the arbitration panels have jurisdiction. In Gillette v. Redinger, 34 Pa. Commonwealth Ct. 469, 383 A. 2d 1295, 1298 (1978), the court stated:

"[T]he term 'nonhealth care provider' does not refer to all persons not included in the definition of 'health care provider' in Section 103, but rather was intended to encompass those persons who, like manufacturers of drugs or medical instruments, although not health care providers as defined by Section 103, are kindred to health care providers. . . . [T]he legislature never intended the Arbitration Panels for Health Care to pass upon questions other than that of medical malpractice."

Therefore, upon motion of plaintiffs, we will, pursuant to Pa.R.C.P. 213(f), transfer the claim against defendant Union Mutual Life Insurance Company to the Court of Common Pleas of Chester County. If plaintiffs fail to move for transfer, their claim against defendant Union Mutual Life Insurance Company will be dismissed.

Since we have found that we lack jurisdiction over plaintiffs' claim against defendant Union Mutual Life Insurance Company, we must sustain the preliminary objections to the new matter of defendant Coatesville Hospital and dismiss the claim of defendant Coatesville Hospital against defendant Union Mutual Life Insurance Company.

## ORDER

And now, January 10, 1979, upon consideration of defendant Union Mutual Life Insurance Company's preliminary objections to plaintiffs' complaint and preliminary objections to new matter of Coatesville Hospital it is hereby ordered and decreed that the preliminary objections to new matter of Coatesville Hospital are sustained and the claim of Coatesville Hospital against defendant Union Mutual Life Insurance Company is dismissed, and further that the preliminary objections to plaintiffs'

complaint are sustained and plaintiffs' claim against defendant Union Mutual Life Insurance Company will be dismissed unless within ten days from the date this order is certified from the record plaintiffs file a motion to transfer the claim against defendant Union Mutual Life Insurance Company to the Court of Common Pleas of Chester County.